UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| MELANIE ANN JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 3:18-CV-00086-LCB ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY | ) ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On January 18, 2018, the Plaintiff Melanie Jones filed a complaint (Doc. 1) seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner filed an answer to the complaint on June 5, 2018. On August 20, 2018, the Plaintiff filed a brief in support of her position. (Doc. 11). The Commissioner then filed a brief in support of the decision on September 20, 2018. (Doc. 12). Therefore, this issue is ripe for review. For the reasons stated below, the final decision of the Commissioner is affirmed.

**I.     BACKGROUND**

The Plaintiff protectively filed for a period of disability and disability insurance benefits on August 27, 2015. (R. 33). She alleged that her disability began the same day her claim was filed. *Id*. Her claim for benefits was

1

subsequently denied on December 10, 2015, and she requested the hearing before an Administrative Law Judge (ALJ) on December 14, 2015. *Id*. The Plaintiff appeared before ALJ Patrick Digby on October 12, 2016, in Florence, Alabama. *Id*. The Plaintiff testified and was questioned by both the ALJ and her attorney. (R. 102, 109). Additionally, vocational expert Dr. Jewel Euto testified at the hearing. (R. 120). The ALJ released his opinion on March 1, 2017. (R. 49). When he issued his opinion, the ALJ used the five-step evaluation process promulgated by the Social Security Administration to determine whether an individual is disabled. (R. 34). The ALJ made the following determinations:

1. The Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2020. (R. 35).

2. The Plaintiff has not engaged in substantial gainful activity since August 27, 2015, the alleged onset date of the disability. *Id*.

3. The Plaintiff has the following severe impairments: obesity, lumbar spine spondylolisthesis, and arthritic spinal changes. *Id*.

4. The Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 41).

5. The Plaintiff has the residual functional capacity (RFC) to perform sedentary work as defined in 20 C.F.R. 404.1567 and 416.927, except the Plaintiff can occasionally lift and carry ten pounds. The Plaintiff can sit, stand, and walk approximately six hours in an eight hour work day with customary work breaks; should be allowed to alternate position of sitting or standing every thirty minutes; can push/pull including operation of hand or foot controls up to ten pounds; can occasionally climb ramps and stairs, balance, stoop, kneel, and crouch. The Plaintiff cannot work on ladders, ropes, or scaffolds;

should avoid all exposure to hazardous machinery and unprotected heights; crawl; cannot work in or around heavy vibratory jobs. *Id*.

6. The Plaintiff is unable to perform any past relevant work. (R. 47).

7. The Plaintiff was born on September 27, 1974, and was 40 years old, which is defined as a younger individual, age 18-44, on the alleged onset date. *Id*.

8. The Plaintiff has at least a high school education and can communicate in English. *Id*.

9. A determination of transferability of job skills is not material to the determination of disability as the Medical-Vocational Rules support a finding that the Plaintiff is not disabled. *Id*.

10. With the Plaintiff's age, education, work experience, and RFC, there are a significant number of jobs in the national economy that she can perform. *Id*.

11. The Plaintiff has not been under a disability as defined in the Social Security Act, from August 27, 2015, through the date of the ALJ's decision on March 1, 2017. (R. 48).

After the ALJ denied her claim, the Plaintiff requested an appeal to the Appeals Council and was denied on November 18, 2017. (R. 1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). The Plaintiff filed this action on January 18, 2018. (Doc. 1).

## II. DISCUSSION

The Social Security Administration (SSA) is authorized to pay Supplemental Security Insurance (SSI) and disability insurance to claimants that have a disability. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir.

3

2018) (*citing Barnhart v. Thomas*, 540 U.S. 20, 21 (2003)). Title II of the Social Security Act defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 1358-59. (*citing* 42 U.S.C. §§ 423 (d)(1)(A)).

### A. Standard of Review

When reviewing a decision by an ALJ, the Court determines whether the Commissioner's decision is supported by "substantial evidence and based on proper legal circumstances." *Winshel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence that a reasonable person would support its conclusion." *Id*. (*citing Crawford v. Comm'r of Soc. Sec.*, 631 F.3d 1155, 1158 (11th Cir. 2004). The Court does not "decide facts anew, mak[e] credibility determinations, or reweigh the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Court instead "must scrutinize the record as a whole in determining whether the ALJ reached a reasonable decision." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### B. Five Step Sequential Evaluation

In order to determine if a claimant has a disability, the SSA regulations mandate that an ALJ must follow a five step sequential evaluation while evaluating a disability claim. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. Pursuant to the regulations, the ALJ must proceed with his analysis as follows:

1. Is the claimant engaged in substantial gainful activity? If "yes" the claimant is not disabled and the analysis ends here. If the answer is "no," proceed to the next step of the analysis. 20 C.F.R. § 404.1520.

2. Does the claimant have a medically determinable physical or mental impairment or combination of impairments that meets the duration requirements of 20 C.F.R. § 404.1509? If "no," the claimant is not disabled. If "yes," proceed to the next step of the analysis. *Id*.

3. Does the claimant have an impairment that equals a listed impairment in 20 C.F.R. § 404, Subpart P Appendix 1 and meets the durational requirements of 20 C.F.R. § 404.1509? If "yes" the claimant is disabled. If "no," proceed to the next step of the analysis. *Id*.

4. Does the claimant have the residual functional capacity (RFC) to return to past relevant work? If "yes" the claimant is not disabled. If no, proceed to the final step of the analysis. *Id*.

5. Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If "no," the claimant is disabled. If "yes," the claimant is not disabled. *Id*.

Initially, the claimant bears the burden of proof regarding the first four steps of the above analysis. *Washington,* 906 F.3d at 1359. The claimant carries a particularly heavy burden when showing why he or she cannot engage in past relevant work. *Id.* After the fourth step, the burden then shifts to the Commissioner to determine if there are jobs in the national economy that the claimant can

5

perform. *Id.* However, while the burden shifts to the Commissioner at step five, the burden ultimately falls to the claimant to show a disability exists. *Id.* (*citing Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

### C. The Plaintiff's Contentions

The Plaintiff alleges that the ALJ erred by failing to correctly evaluate her allegations of pain consistent with the standard set forth in *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987) (Doc. 11, p.5). In *Hale*, the Eleventh Circuit held that an ALJ has to articulate his reasons for refusing to give credibility to a "claimant's subjective pain testimony." *Id*. If an ALJ errs in either properly articulating his reasons, or his reasoning is not supported by substantial evidence, the claimant's testimony is accepted as true as a matter of law. *Id.* The Plaintiff also argues that the ALJ did not fully develop the record. (Doc. 11, p.13). The Court will address each of these contentions in turn.

### 1. ALJ's failure to properly evaluate the Plaintiff's allegations of pain.

The Plaintiff argues that the ALJ failed to properly consider her pain in his decision. (Doc. 11, p. 9). Specifically, she alleges that the ALJ failed to properly consider the record when determining her disability because his reasons were not supported by substantial evidence in the record. *Id.* at 7. As mentioned above, the Plaintiff claims that because the ALJ did not properly reference the record in his

determination, her pain allegations must be accepted as true pursuant to *Hale*. *See* 831 F.2d at 1012. The ALJ recognized that the Plaintiff's obesity and chronic back issues (lumbar spine spondylolisthesis and arthritic spinal changes) were medically determinable impairments and could reasonably cause her symptoms. (R. 42). However, the ALJ did not find that the Plaintiff's allegations about the severity of her pain were consistent with the medical evidence and other evidence found in the record. *Id*. In his opinion, the ALJ stated that the record reflected that the Plaintiff's condition would improve after receiving treatment from various clinics such as Center Star Family Practice and Tennessee Valley Pain Consultants. (R. 42-43). The ALJ concluded that with continued treatment, the Plaintiff's pain level was manageable, and she was able to ambulate and walk independently. (R. 43). Accordingly, the Plaintiff was found to have residual functional capacity (RFC) despite her symptoms. (R. 41).

In the ALJ's determination of the Plaintiff's pain, he employed a two-step process in evaluating the claimant's symptoms pursuant to the requirements in 20 C.F.R. 404.1529; 20 C.F.R. 416.929; and SSR 96-4p. (R. 41). These steps were: 1) whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms and 2) once an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's

7

pain is shown, the ALJ evaluates the "intensity, persistence, and limiting effects" of the claimant's symptoms to determine the extent that they limit the claimant's functional limitations. *Id.* When measuring the intensity and persistence of these symptoms, the ALJ can consider factors such as: "the claimant's daily activities; the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; [and] any measures other than treatment an individual uses or has used to relieve pain or other symptoms (e.g. lying flat on his or her back…)" SSR 16-3p, 2016 WL 1119029 at *7. While a claimant's symptoms cannot always be measured objectively, objective medical evidence allows the ALJ to make reasonable conclusions about the claimant's pain. *Id.* at *4.

A claimant alleging disability based on pain or other symptoms has to show "evidence of the underlying medical condition and either objective medical evidence confirming the severity of the pain or that the objectively determined medical evidence can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). *See also, Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991). An ALJ must state "explicit and adequate reasons" for discrediting a claimant's subjective pain testimony. *Wilson*, 284 F.3d at 1225.

As noted above, the ALJ found that the Plaintiff's medical records reflected that she had a medically determinable physical impairment and continued to suffer from back problems but had the RFC to find other employment. (R. 36). For example, the ALJ stated that during the Plaintiff's visits to Center Star Family Practice from April 10, 2012, until July 29, 2015, she had "positive straight leg raise and limitation on range of motion." *Id*. Center Star Family Practice Center treated the Plaintiff by prescribing sixty milligrams of Toradol, advising her to avoid heavy lifting, and to use heating pads to reduce her pain. *Id.* In another visit to The Orthopedic Center on August 12, 2015, the facility noted that she continued to suffer from issues such as mild to moderate disc bulging and would be unable to return to work as a certified nurse assistant (CNA). (R. 37). It suggested that the Plaintiff would benefit from surgery, but that she would not be able to undergo an operation until losing weight. *Id.* During an appointment, the Plaintiff stated that her pain was reduced after receiving epidural injections. *Id*. Finally, while visiting the Tennessee Valley Pain Consultants on February 23, 2016, the Plaintiff was able to move independently and her pain "ranged from a three to a five on a scale of one to ten." *Id.* She also displayed normal gait and normal range of motion despite having a slightly positively straight leg raise of her lower left leg and moderately positive straight leg raise of lower right leg. *Id*. The ALJ considered these findings in the medical records when determining the Plaintiff's RFC.

After examining the record, the ALJ noted that the intensity, persistence and limiting effects of the Plaintiff's symptoms were not reflected in the record. (R. 42). The Plaintiff claims that when reviewing the record, the ALJ "pick[ed] and ch[ose] among a doctor's records to support his own conclusion" (*citing Chambers v. Astrue*, 671 F. Supp. 2d 1253, 1258 (N.D. Ala. 2009)). For the following reasons, the Court is not persuaded by this assertion.

   a. **Medical Evidence**

The ALJ did not entirely discredit the Plaintiff's symptoms. Instead, he found that the Plaintiff's testimony was not entirely credible in light of the whole record. (R. 42). The Court finds the ALJ supported his findings with substantial evidence. For example, the ALJ found that the exams at various clinics revealed that the Plaintiff did suffer from impairments caused by her spinal problems, but the doctor's recommendations and treatment showed that the Plaintiff had the RFC to find employment. *See* (R. 42). The Plaintiff was treated at Center Star Family Practice Center from April 20, 2012, until July 29, 2015. *Id.* While a patient at this facility, the Plaintiff received an MRI on her lumbar spine in July 2013 and August 2015. The exams revealed that she suffered from spinal malformation associated with her spondylolisthesis. *Id.* The Plaintiff was advised to treat her pain with prescription medicine, heating pads, and avoiding lifting heavy objects. *Id.* The ALJ noted in his decision that this was conservative treatment in comparison to the

Plaintiff's severe diagnosis. (R. 42). This is not evidence that the ALJ disregarded the Plaintiff's alleged pain. In fact, when analyzing a claimant's allegations of pain, an ALJ is "permitted to consider the type of a treatment a claimant received in assessing the credibility of her subjective complaints." *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863 (11th Cir. 2017).

The ALJ also found that the Plaintiff's visits to other physicians supported the inference that the Plaintiff's testimony about her pain was not entirely credible. There is substantial evidence in the record from her visits to Alabama Spine and Pain, The Orthopedic Center, and Tennessee Valley Pain Consultants to support the ALJ's reasoning. The Plaintiff received epidural injections from Alabama Spine and Pain to help ease her symptoms. (R. 42). She indicated that the epidural injections were effective on her visits to the facility from November 2013 through July 2014. *Id.* She experienced a significant reduction in her pain and noted that she was able to perform "activities of daily living" after her visit on July 14, 2014. (R. 386).

The Plaintiff continued to receive treatment for her back problems at The Orthopedic Center. (R. 42). On her visit to the facility on July 15, 2013, the treating physician noted that while she demonstrated signs of spondylolisthesis, she had normal reflexes and gait. He also noted that the Plaintiff "seemed to be doing a lot better." (R. 543). Her visits to The Orthopedic Center in August 2015 showed

that the Plaintiff still showed signs of chronic back pain that were further complicated by her obesity. (R. 537, 539). On a follow up visit to The Orthopedic Center on September 24, 2015, the record stated that the Plaintiff indicated that she felt better after an injection from Tennessee Valley Pain Consultants and still experienced some hip pain. (R. 553). Her statements to The Orthopedic Center on November 24, 2015, after receiving another injection from Tennessee Valley Pain Consultants also indicated improvement as she could walk around and tolerate walking longer distances. (R. 599).

The Plaintiff also claims that the ALJ erred in his determination of her pain credibility because she noted that the injections were "just not working for her" while visiting The Orthopedic Center on May 5, 2016. (R. 601). The ALJ found that the medical evidence from Tennessee Valley Pain Consultants contradicted her allegations of pain associated with her back problems. (R. 43). Again, there is substantial evidence in the medical record to support the ALJ's findings. The Plaintiff was treated by Tennessee Valley Pain Consultants on February 23, 2016, with an epidural steroid injection. (R. 633). On August 30, 2016, the Plaintiff received an examination and procedure from the same facility. The record noted that the procedures were helping with the Plaintiff's pain. (R. 634). The exam of the Plaintiff's musculoskeletal system showed that she had a normal range of motion (ROM), normal gait, and circulation, motor, sensory (CMS) intact in all of

her extremities. (R. 640). This was three months after the Plaintiff alleged the injections were not effective. Another examination at Tennessee Valley Pain Consultants on September 28, 2016, indicated that the condition of the Plaintiff's musculoskeletal system had not deteriorated since the last visit. (R. 682). In light of these records, the ALJ's decision regarding the credibility of the Plaintiff's pain allegations is supported by substantial evidence.

Even though the Plaintiff continued to experience pain after receiving her treatments, this does not negate the fact that the ALJ's decision was supported by substantial evidence. The ALJ did not pick and choose which parts of the record he used to support his decision as the Plaintiff claims. Instead, the medical record in its entirety supports the ALJ's conclusion that the Plaintiff had the RFC to find a job that was suited for her condition. When a finding from an ALJ is clearly articulated, the Court will not disturb the conclusions of an ALJ that are supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Therefore, the Court finds no error here.

2. **ALJ's failure to fully develop the record**

Near the end of the Plaintiff's argument, she alleges the ALJ erred by not fully developing the record. (Doc. 11, p. 13). "Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived." *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422

(11th Cir. 1998). In this case, the Plaintiff claims the ALJ failed to develop the record, but she did not provide the Court with a complete argument or evidence of this contention. Accordingly, the Court finds that this issue is waived.

### III. CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

**DONE** and **ORDERED** September 27, 2019.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE